UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-2507(DSD/AJB)

Herbert Louis Carter, Jr.,

    Petitioner,

v.                                    **ORDER**

Timothy Wengler,

    Respondent.

    This matter is before the court upon petitioner Herbert Louis Carter's objections to the report and recommendation of Magistrate Judge Arthur J. Boylan dated June 4, 2007. In his report, the magistrate judge recommended that petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice. Upon a de novo review of the magistrate judge's findings and recommendations, 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation.

**DISCUSSION**

    In this habeas corpus action, petitioner challenges the issuance and execution of a state court search warrant. The search yielded evidence that the government admitted against petitioner during a trial in which a jury found him guilty of soliciting and promoting prostitution. In his objections to the magistrate judge's report and recommendation, petitioner argues that he did

not receive a full and fair adjudication in state court of his Fourth Amendment claims because the Minnesota Supreme Court denied his petition for further review.  The court disagrees.

The court treats Fourth Amendment claims raised by state court prisoners in a federal habeas corpus petition differently from all other constitutional claims. <u>Willett v. Lockhart</u>, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc).  If the state courts provided petitioner "an opportunity for full and fair litigation of a Fourth Amendment claim, [he] may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976).  This is because the judicially created exclusionary rule is not a personal constitutional right but rather a means to effectuate those rights otherwise secured by the Fourth Amendment. <u>Willett</u>, 37 F.3d at 1269 (citing <u>Stone</u>, 428 U.S. at 486).  Accordingly, the court will not review petitioner's Fourth Amendment claims absent a showing that the Minnesota state court system did not provide him a procedure in which to raise his claims or that he was foreclosed from using such a procedure due to an "unconscionable breakdown in the system." <u>Id.</u> at 1273.

In this case, the state district court judge denied petitioner's pretrial motion to suppress the evidence obtained during the execution of the search warrant of the duplex.  The district court judge held that the officer affiant sufficiently

2

corroborated the information provided by a confidential informant used to establish probable cause for the issuance of the warrant. See State v. Carter, 2007 WL 582903, at *2 (Minn. Ct. App. Feb. 27, 2007). On appeal, the Minnesota Court of Appeals affirmed the district court and concluded that the information was sufficiently reliable and provided a "substantial basis for finding probable cause to issue the warrant." Id. at *2-4.

Petitioner directly challenged the constitutionality of the issuance and execution of the search warrant based on the same arguments he currently raises in his § 2254 petition in the state district court and appellate court. The Minnesota Supreme Court's denial of his petition for further review did not deprive him of full and fair litigation of his Fourth Amendment claims. In reviewing a habeas corpus petition, this court does not consider "whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an opportunity for such litigation." Willett, 37 F. 3d at 1273. Petitioner has failed to establish that the state of Minnesota did not provide him a procedure to address his claims or that the available procedure unconscionably broke down. Accordingly, he is barred by the doctrine set forth in Stone v. Powell, 428 U.S. 465 (1976), from seeking federal habeas corpus relief on his Fourth Amendment claims. Therefore, the § 2254 petition for habeas corpus relief is dismissed with prejudice.

**CONCLUSION**

Following a de novo review of the file and record, 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation of the magistrate judge [Doc. No. 12] in its entirety. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Doc. No. 1] is denied.

2. Petitioner's application for leave to proceed in forma pauperis [Doc. No. 2] is denied.

3. Petitioner's motion for an evidentiary hearing [Doc. No. 5] is denied.

4. Petitioner's "petition to vacate the search warrant" [Doc. No. 6] is denied.

5. Petitioner's motions for discovery [Doc. Nos. 8 and 22] are denied.

6. This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 16, 2007

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court